UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA A. RITCHIE,            ) | |
|                                ) | |
|   Plaintiff,                           ) | |
|                                ) | |
|    vs.                                 ) | CAUSE NO. 1:07-cv-1349-WTL-TAB |
|                                ) | |
| MICHAEL ASTRUE, COMMISSIONER   ) | |
| OF SOCIAL SECURITY,             ) | |
|                                ) | |
|   Defendant.                        ) | |

## ENTRY REGARDING AWARD OF ATTORNEY FEES

This cause is before the Court on Plaintiff Melissa A. Ritchie's fully-briefed Motion for Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), as well as Richie's supplemental motion for fees. The Court, being duly advised, **GRANTS** both motions for the reasons set forth below.

By order dated January 22, 2009, the Court remanded the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Ritchie's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI"). Ritchie then filed a timely motion for an award of attorney fees pursuant to the EAJA. Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) she filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner argues that a fee award is not appropriate in this case because his position was substantially justified. The Court disagrees.

The Commissioner has the burden of proving that his position was substantially justified,

and both the Commissioner's pre-litigation and litigation position are relevant. *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006). "EAJA fees are appropriate when the government's litigation positions and overall pre-litigation conduct, including the ALJ's decision itself, lacked a reasonable basis in law and fact." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner's position need not have been correct–that is, the fact that the case was remanded does not automatically lead to an award of fees–but his position must have been stronger than merely non-frivolous. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

In this case, the Court determined that remand was required for several reasons, most notable of which were the ALJ's failure to consider whether Ritchie's pseudoseizures met or equaled the applicable listings and certain factual findings that were unsupported by the record. In light of these clear missteps on the part of the ALJ, the Commissioner's position that her decision should have been affirmed was not substantially justified. Accordingly, Ritchie is entitled to an award of fees under the EAJA.

In her original motion, Ritchie seeks an award of attorney fees in the amount of $4067.38; in her supplemental motion, she seeks an additional $517.50 for her attorney's work on the reply in support of the original motion, for a total of $4584.88. The Commissioner disputes the reasonableness of this amount in two respects. First, he argues that it is unreasonable for Ritchie's attorney to seek fees for time expended in seeking extensions of time. The Court agrees. The Commissioner also argues that Ritchie's attorney should not be permitted to recover fees for time spent on purely clerical tasks. The Court recognizes that there is a clerical element to many tasks that are performed by an attorney in order to properly represent his or her client. However, there are certain entries on counsel's time sheet in this case that the Court agrees are

not reasonably recoverable because they do not involve any legal work at all.[1]  Therefore, the Court disallows the following time entries:

| Date | Entry | Reason Disallowed |
| --- | --- | --- |
| 10/16/07 | Tried to call client – 0.10 hr. | not legal work |
| 10/23/07 | Received file marked paperwork – .25 hr. | not legal work |
| 12/5/07 | Received green card back from defendants - .25 hr. | not legal work |
| 12/28/07 | Received and reviewed reassignment of case - .25 hr. | not legal work |
| 3/14/08 | filed motion for extension of time - .25 hr. | relates to extension of time |
| 3/17/08 | received call from court regarding case; received order granting extension of time – .25 hr. | relates to extension of time |
| 4/21/08 | filed second motion for extension of time – .25 hr. | relates to extension of time |
| 4/22/08 | received order granting extension of time – .1 hr. | relates to extension of time |
| 7/2/08 | received and reviewed reassignment of case–.25 hr. | not legal work |
| 8/7/08 | client called to update contact information – .1 hr. | not legal work |

These entries total 2.05 and account for $353.63 of the total fees sought by Ritchie.  Accordingly, the Court **GRANTS** Ritchie's motions and awards her attorney fees in the amount of **$4231.25**.

    SO ORDERED:  07/13/2009

                                            _William T. Lawrence_
                                            Hon. William T. Lawrence, Judge
                                            United States District Court
                                            Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The Court notes that the Commissioner does not identify which entries he believes are clerical.